# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

ENDORSED
FILED
ALAMEDA COUNTY

MAR 01 2018 P 4:38

CLERK OF THE SUPERIOR COURT
M. CARRERA, DEPUTY

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE PGA TOUR, a Maryland corporation; and DOES 1-50; inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RYAN LEBEUF, an individual;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ALAMEDA SUPERIOR COURT<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG18895113 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Lovretovich; Mythili Sivarajah 21052 Oxnard St. Woodland Hills, CA 91367 (818) 610-8800

| | | | | | |
|---|---|---|---|---|---|
| DATE: MAR 01 2018<br>*(Fecha)* | Chad Finke | Clerk, by<br>*(Secretario)* | Maria Carrera | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The PGA Tour, a Maryland Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Joseph M. Lovretovich; Mythily Sivarajah  73403; 252494<br>JML LAW, APLC<br>21052 Oxnard Street<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800     FAX NO.: (818) 610-3030<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br><br>**ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>MAR – 1 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By _Maria Carrera_<br>MARIA CARRERA, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthous

CASE NAME:
LEBEUF v THE PGA TOUR-SF

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RG18895113 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 15
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 3/1/2018
Joseph Lovretovich; Mythily Sivarajah          ► _MS._
_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FAX

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG18895113
Case Title:    Lebeuf VS The PGA Tour
Date of Filing: 03/01/2018

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Michael M. Markman** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | **Dept16@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Michael M. Markman
DEPARTMENT 16

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR Information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Courtesy copies of all law and motion papers filed with the Court are to be delivered directly to Department 16.

Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party submitting to a tentative ruling should contact all other parties before not appearing.

## Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Trials commence with Pretrial Conferences held Friday from 9:00 a. m. to 12:00 p.m. Trials are generally held Monday-through-Thursday from 9:30 a.m. to 12 p.m. and 1:30 p.m. to 4:20 p.m.

- Case Management Conferences are held: Initial Case Management Conferences: Monday through Thursday at 9:00 a.m. Case Management Conference Continuances: Monday through Thursday at 9:00 a.m.

- Law and Motion matters are heard: Tuesday at 9:00 a.m. and Friday at 9:00 a.m. Reservations are required

- Settlement Conferences are heard: When specially set by the department.

- Ex Parte matters are heard: Monday through Thursday at 9:00 a.m. Reservations are required.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:     Dept16@alameda.courts.ca.gov

- Ex Parte Matters
  Email:     Dept16@alameda.courts.ca.gov

<u>Tentative Rulings</u>

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16

- Phone: 1-866-223-2244

Dated: 03/02/2018          *Ly - S. Court*

                                          Presiding Judge,
                                          Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/05/2018

                          By     *digital*
                                  *8 ljamu*
                                          Deputy Clerk

JML LAW, A Professional Law
Corporation
Attn: Lovretovich, Joseph M.
21052 Oxnard Street
Woodland Hills, CA   91367

## Superior Court of California, County of Alameda

| Lebeuf | No. RG18895113 |
|---|---|
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| The PGA Tour | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date:  07/16/2018<br>Time:  09:00 AM | Department: 16<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge:  **Michael M. Markman**<br>Clerk:  **Ana Liza Tumonong**<br>Clerk telephone:  **(510) 267-6932**<br>E-mail:<br>**Dept16@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1.  **Plaintiff must:**

    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b.  **Give notice** of this conference to all other parties and file proof of service.

2.  **Defendant must** respond as stated on the summons.

3.  **All parties who have appeared before the date of the conference must:**

    a.  **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b.  **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c.  **Post jury fees** as required by Code of Civil Procedure section 631.

4.  If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5.  You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.  You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6.  You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7.  The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER

Page 1 of 2

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/05/2018.

By _____

Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

    Date:                         Time:                         Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____          ▷ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

ENDORSED
FILED
ALAMEDA COUNTY

MAR 0 1 2018    P 4: 38

CLERK OF THE SUPERIOR COURT
M. CARRERA, DEPUTY

2

3

4   JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
MYTHILY SIVARAJAH, STATE BAR NO. 252494

5

6   Attorneys for Plaintiff
**RYAN LEBEUF**

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9     FOR THE COUNTY OF ALAMEDA- OAKLAND  RENE C. DAVIDSON
                            COURTHOUSE

10

11   RYAN LEBEUF, an individual;          Case No.: RG18895113

12                                         **COMPLAINT FOR DAMAGES AND**
              Plaintiff                    **INJUNCTIVE RELIEF:**

13                                          1.  Disability and Sexual Orientation Discrimination
       vs.                                      (Gov. Code § 12940(a));

14                                          2.  Failure to Make a Reasonable Accommodation
                                                (Gov. Code § 12940(m));

15   THE PGA TOUR, a Maryland              3.  Failure to Engage in Interactive Process (Gov.
     corporation; and DOES 1-50; inclusive,    Code § 12940(n));

16                                          4.  Retaliation (Gov. Code § 12940(h));
                                            5.  Failure to Prevent Discrimination and Retaliation

17            Defendants.                       (Gov. Code § 12940(k));
                                            6.  Wrongful Termination in Violation of Public

18                                              Policy;
                                            7.  Fraudulent Inducement to Move (Lab. Code §

19                                              970);
                                            8.  Promissory Fraud;

20                                          9.  Failure to Reimburse Business Expenses (Lab.
                                                Code § 2802);

21                                         10.  Failure to Pay Overtime (Lab. Code § 510);
                                           11.  Failure to Provide Meal Breaks (Lab. Code §§

22                                              226.7 & 512);
                                           12.  Failure to Provide Rest Breaks (Lab. Code §

23                                              226.7);
                                           13.  Failure to Provide Timely and Accurate Wage

24                                              Statements (Lab. Code § 226);
                                           14.  Failure to Pay Wages (Lab. Code §§ 201, 202,

25                                              203 & 204); and
                                           15.  Violations of Business and Professions Code §

26                                              17200 et seq.

27                                          **JURY TRIAL DEMANDED**

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BY FAX

1       Plaintiff, RYAN LEBEUF, hereby brings his complaint against the above-named

2   Defendants and states and alleges as follows:

3                     **THE PARTIES**

4       1.    Plaintiff RYAN LEBEUF ("Mr. LEBEUF" or "PLAINTIFF") is an individual

5   residing in the County of Essex, New Jersey. At all relevant times herein mentioned, Mr.

6   LEBEUF resided in the States of California and Florida.

7       2.    Upon information and belief, PLAINTIFF alleges that at all relevant times herein

8   mentioned, Defendant THE PGA TOUR, INC. ("DEFENDANT" or "THE PGA") was, and is, a

9   Maryland corporation with doing business in Pleasanton and Hayward, California.

10       3.    Mr. LEBEUF  is informed and believes and thereon alleges that each Defendant

11   named in this action, including the Doe Defendants, at all relevant times were the agents,

12   ostensible agents, servants, employees, representatives, assistants and/or co-conspirators of each

13   of the other Defendants and were at all times acting at least in part within the course and scope of

14   his, her, or its authority as agents, ostensible agents, servants, employees, representatives and/or

15   associates, with the authorization, consent, permission or ratification of each of the other

16   Defendants.

17       4.    Defendants THE PGA and DOES 1 through 50 are collectively referred to as

18   "DEFENDANTS." Hereinafter in the Complaint, unless otherwise specified, reference to a

19   Defendant or Defendants shall refer to all DEFENDANTS, and each of them.

20             **GENERAL AND BACKGROUND ALLEGATIONS**

21       5.    From on or about October 31, 2016 until March 3, 2017, Mr. LEBEUF was an

22   employee of THE PGA and Does 1 through 50 in Pleasanton and Oakland, California.

23       6.    The acts and omissions of DEFENDANTS alleged herein, except as otherwise

24   noted, occurred in the County of Alameda, State of California.

25       7.    Mr. LEBEUF is a gay man with a disability and/or perceived disability of anxiety

26   and attention deficit hyperactivity disorder ("ADHD").

27       8.    In August 2016, Mr. LEBEUF applied for a position with THE PGA while he was

28   residing in Jacksonville, Florida.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1         9.     On or about October 20, 2016, THE PGA through Trish Gregovich, Rich

2    Vecchio, human resource representative and Michele Corse, offered Mr. LEBEUF employment

3    as a Sales Manager, in the Web.com Tour – TBA department, provided that he relocate to the

4    San Francisco bay area. He was assured in that same conversation that he will be provided time

5    to transition and find a home office by January or early 2017. Ms. Corse also informed Mr.

6    LEBEUF that he would receive tuition reimbursement to continue his Master's program through

7    THE PGA's tuition reimbursement program.

8         10.    On or about October 25, 2016, Mr. LEBEUF discussed with Ms. Gregovich

9    revisions to the initial offer, including but not limited to seeking reimbursement for moving

10   expenses. Ms. Gregovich once again reaffirmed that given the difficulties of finding a home

11   office in the bay area that THE PGA would pay for his hotel, help him through the process of

12   finding a home office and reassured him that he would have time until January 2017 to find a

13   home office.

14        11.    In or about October 27, 2016, Ms. Gregovich requested Mr. LEBEUF to fly to the

15   bay area. On that same date, Dan Glod, President of the Web.com Tour, communicated with Mr.

16   LEBEUF, expressing his desire for Mr. LEBEUF to join THE PGA and assuring Mr. LEBEUF

17   that THE PGA will allow him time to move and transition by January 2017. Mr. Glod informed

18   Mr. LEBEUF that until he can find a place, Mr. LEBEUF would work remotely from Florida

19   near Mr. Glod's office.

20        12.    By October 31, 2016, as additional and further inducements THE PGA's

21   employees, including Ms. Gregovich, Mr. Vecchio, Mr. Glod and Ms. Corse offered the

22   following benefits: to have his hotel expenses in the San Francisco bay area paid by THE PGA

23   while Mr. LEBEUF  looked for housing in the bay area, relocation allowance of $2,000, to work

24   primarily from a home office in the bay area while visiting the Hayward location of THE PGA

25   and after sixty (60) days of employment with THE PGA for tuition reimbursement to pursue his

26   masters degree.

27        13.    On or about October 31, 2016, during Mr. LEBEUF's visit to the bay area in

28   Pleasanton, THE PGA confirmed in writing some of the terms of the offer of employment,

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  including but not limited to Mr. LEBEUF's base pay of $52,000 annually, his classification as an

2  exempt employee who was ineligible for overtime, an outline of his commissions' compensation

3  and payment of up to $2,000 in relocation expenses.

4      14.   On or about November 7, 2016, Mr. LEBEUF commenced his employment with

5  THE PGA, and underwent orientation at THE PGA headquarters in Ponte Vedra Beach, Florida.

6  During this orientation, Mr. LEBEUF's job duties were further clarified by THE PGA.

7      15.   On or about November 10, 2016, Mr. Glod and Ms. Gregovich instructed Mr.

8  LEBEUF to move to the bay area immediately and promised that THE PGA would pay for his

9  hotel accommodations until he found a home office by January 2017.

10      16.   On or about November 16, 2016, Mr. LEBEUF, based upon the assurances and

11  representations of THE PGA, left Jacksonville, spent more than $7,000 on moving expenses,

12  ended his education with the University of North Florida and moved himself to Alameda County

13  where he was informed he would be working out of a home office.

14      17.   On or about November 17, 2016, Ms. Gregovich instructed Mr. LEBEUF to stay

15  at a hotel that she had secured for him for about six weeks through the end of December 2016.

16      18.   On or about November 18, 2016, Ms. Gregovich required Mr. LEBEUF to pay

17  THE PGA a portion of the hotel expenses of about $1,500. Mr. LEBEUF reluctantly paid said

18  amount as he had already commenced his move from Florida to California.

19      19.   On or about November 22, 2016, Mr. LEBEUF began working for THE PGA in

20  Pleasanton, California at the Ellie Mae Corporate Headquarters, the presenting sponsor of the

21  Ellie Mae Classic. His office consisted of a cubicle in the office kitchen of THE PGA's sponsor,

22  Ellie Mae, where he was instructed to make phone calls while people constantly walked and

23  conversed right next to him. Ms. Gregovich specifically informed Mr. LEBEUF that he needed

24  to be at the Ellie Mae Corporate Headquarters in the Pleasanton office from 8 am to 5:30 pm

25  everyday.

26      20.   At all times during his employment, Mr. LEBEUF was paid a salary and

27  commissions and erroneously classified as an exempt employee even though he did not qualify

28  for any exemption under federal or California law.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

21.   Mr. LEBEUF did not qualify under the inside salesperson exemption because his commission were not at least 50% of his total compensation during each representative period of his employment with DEFENDANTS.

22.   Mr. LEBEUF did not qualify for the outside salesperson exemption because he worked more than 50% of his time from his employer's place of business and not his home office.

23.   As a result of the misclassification of Mr. LEBEUF, DEFENDANTS failed to pay him any wages for overtime hours worked, and failed to authorize and permit him to take meal and rest periods. DEFENDANTS also failed to have a written, actively-enforced policy of providing meal and rest periods to Mr. LEBEUF.

24.   Throughout his employment, Mr. LEBEUF worked more than eight (8) hours in a day and/or forty (40) hours in a week. In fact, Mr. LEBEUF routinely worked over seventy (70) hours per week. At no time did THE PGA pay Mr. LEBEUF for any overtime hours worked despite the fact that Mr. LEBEUF was not exempt from the overtime pay requirements as stated in the California Labor Code and Industrial Welfare Commission Orders.

25.   Throughout his employment, Mr. LEBEUF was routinely not permitted to take his thirty (30) minute uninterrupted meal break within the first five (5) hours of work and/or uninterrupted ten (10) minute rest period breaks after every four (4) hours of work or major fraction thereof, despite Mr. LEBEUF consistently working over eight (8) hours in a workday.

26.   Throughout his employment, THE PGA also failed to provide Mr. LEBEUF with itemized and accurate wage statements. His wage statements do not list the actual hours he worked.

27.   In or around December 2016, when Mr. LEBEUF inquired about commencing his master's program, Ms. Gregovich informed him not to pursue his master's program at that time, given his forthcoming work responsibilities and duties. Pursuant to Ms. Gregovich's instruction, Mr. LEBEUF, therefore, did not continue his master's program.

28.   On or around December 5, 2016, on a trip to Las Vegas for THE PGA's winter meetings, Mr. LEBEUF's supervisor, Ms. Gregovich made a comment about how "gay people"'s

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

5

1   presence on "Grindr" makes it "trashy." When Mr. LEBEUF challenged this comment, she

2   reaffirmed that "gay people" being "trashy." During this same conversation, Ms. Gregovich

3   expressed that she was surprised that Mr. LEBEUF met his boyfriend on Tinder.

4       29.    In or around early January 2017, Mr. LEBEUF found an apartment in Oakland

5   and moved to Oakland. Despite finding a home office in Oakland, Ms. Gregovich instructed Ms.

6   LEBEUF to continue to work out of the Ellie Mae Corporate Headquarters in the Pleasanton

7   office.

8       30.    On or about January 10, 2016, Mr. LEBEUF informed Ms. Gregovich and a

9   human resources representative at the PGA, that due to his ADHD, he could not make phone

10   calls from the Ellie Mae Corporate Headquarters in the Pleasanton office. Mr. LEBEUF also

11   apprised Ms. Gregovich's manager, Mr. Bo DeHuff, of his request for reasonable

12   accommodations.

13       31.    In response to Mr. LEBEUF's request for accommodation, he was chastised and

14   derided and never provided any alternative to the office conditions that were exacerbating his

15   disability.

16       32.    On or about January 20, 2017, Mr. LEBEUF informed Ms. Gregovich that he was

17   traveling to see his partner. Later that same day, when someone else in the office asked what Mr.

18   LEBEUF was doing that weekend, Ms. Gregovich interrupted Mr. LEBEUF and responded for

19   him by stating that Mr. LEBEUF was going to see his family.

20       33.    On or about January 20, 2017 right after the above-mentioned conversation, Ms.

21   Gregovich met with Mr. LEBEUF to inform him that he has thirty (30) days to sell one hundred

22   thousand dollars ($100,000) of deals, which entailed a quarter of his sales quota goal for the

23   year, or be terminated.

24       34.    By February 24, 2017, Mr. LEBEUF exceeded the sales quota goal set by Ms.

25   Gregovich on January 20, 2017.

26       35.    On or about March 3, 2017, THE PGA terminated Mr. LEBEUF's employment

27   for not being a "good fit". When Mr. LEBEUF inquired why he was not a "good fit", he was

28   provided no further information. On that date, THE PGA admitted that they owed him

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    commissions.

2          36.      To date, Mr. LEBEUF has yet to receive several of the commission payments he

3    had earned. In addition, of the $2,000 relocation allowance that THE PGA promised to pay Mr.

4    LEBEUF, THE PGA has only paid about $1,400 of said allowance.

5          37.      On February 23, 2018, Mr. LEBEUF filed a complaint with the California

6    Department of Fair Employment and Housing ("DFEH") and received an immediate "right to

7    sue" letter.

8                                    **FIRST CAUSE OF ACTION**

9                **DISABILITY AND SEXUAL ORIENTATION DISCRIMINATION**

10              **IN VIOLATION OF GOVERNMENT CODE § 12940(a) ET SEQ. (FEHA)**

11                                    **(Against All Defendants)**

12          38.      PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

13    the foregoing paragraphs, as though set forth herein.

14          39.      At all times mentioned in this complaint, DEFENDANTS regularly employed

15    five or more persons, bringing DEFENDANTS within the provisions of the California Fair

16    Employment and Housing Act ("FEHA"), Government Code, § 12926(d).

17          40.      This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(a)

18    which prohibits an employer from discriminating against employees, such as Ms. LEBEUF, on

19    the basis of the employee's sexual orientation, disability and/or perceived disability.

20          41.      Mr. LEBEUF was in a protected class as a qualified individual that limited his

21    major life activities. Specifically, but without limitation, Mr. LEBEUF suffered from anxiety and

22    attention deficit hyperactivity disorder ("ADHD"). As a result of his anxiety and ADHD

23    disorders, Mr. LEBEUF was disabled under Gov. Code §§ 12926 and 12926.1.

24          42.      Mr. LEBEUF was in a protected class as a result of his sexual orientation as a gay

25    male.

26          43.      DEFENDANTS engaged in a pattern and practice of discriminating against

27    employees, including Mr. LEBEUF, and did discriminate against Mr. LEBEUF, on the basis of

28    disability and/or sexual orientation, in compensation and conditions or privileges of employment,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1. ultimately resulting in the wrongful termination of Mr. LEBEUF. But for Mr. LEBEUF's sexual

2. orientation and/or disability, DEFENDANTS would not have taken adverse employment actions

3. against him, including termination of his employment.

4.     44.    Mr. LEBEUF timely filed charges of discrimination and received Notices of Right

5. to Sue from the DFEH. Thus, Ms. LEBEUF has exhausted his administrative remedies.

6.     45.    As the legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and

7. continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

8. that Mr. LEBEUF would have received if DEFENDANTS had not discriminated against him as

9. alleged above. Mr. LEBEUF has further suffered and continues to suffer losses incurred in

10. seeking substitute employment and earnings. As a result of such discrimination and consequent

11. harm, Mr. LEBEUF has suffered such damages in an amount according to proof. Mr. LEBEUF

12. claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or

13. any other provision of law providing for prejudgment interest.

14.     46.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered

15. and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

16. damage in an amount according to proof.

17.     47.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has been

18. harmed in that he has suffered the intangible loss of such employment-related opportunities as

19. experience and status in the positions previously held by him, all to his damage in an amount

20. according to proof.

21.     48.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

22. oppression, and in reckless disregard of Mr. LEBEUF's rights under the FEHA. DEFENDANTS

23. consciously, intentionally and in conscious disregard of his rights discriminated against Mr.

24. LEBEUF because of his sexual orientation, disability and/or perceived disability. Mr. LEBEUF

25. is thus entitled to recover punitive damages from DEFENDANTS in an amount according to

26. proof.

27.     49.    As the result of DEFENDANTS' discriminatory acts as alleged herein, Mr.

28. LEBEUF is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, Gov.

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Code § 12965(b).

2       WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

3   **SECOND CAUSE OF ACTION**

4   **FAILURE TO ACCOMMODATE**

5   **IN VIOLATION OF GOVERNMENT CODE § 12940(m) ET SEQ. (FEHA)**

6   **(Against All Defendants)**

7       50.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

8   the foregoing paragraphs, as though set forth herein.

9       51.    At all times mentioned in this complaint, DEFENDANTS regularly employed

10   five or more persons, bringing DEFENDANTS within the provisions of the FEHA, Gov. Code, §

11   12926(d).

12       52.    This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(m)

13   requiring employers to make reasonable accommodation for disabilities of employees, such as

14   Mr. LEBEUF's disability.

15       53.    Mr. LEBEUF was afflicted with anxiety and ADHD disorders, which are

16   protected under the FEHA. As a result of these conditions, Mr. LEBEUF required reasonable

17   accommodations to fully perform the duties of his job with DEFENDANTS. DEFENDANTS,

18   however, refused to reasonably accommodate Mr. LEBEUF, although DEFENDANTS easily

19   could have done so.

20       54.    Mr. LEBEUF timely filed a charge of discrimination and received a Notice of

21   Right to Sue from the DFEH. Thus, Mr. LEBEUF has exhausted his administrative remedies.

22       55.    As the legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and

23   continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

24   that Mr. LEBEUF would have received if DEFENDANTS had not discriminated against him and

25   refused to accommodate him as alleged above. As a result of such discrimination and failure to

26   accommodate and consequent harm, Mr. LEBEUF has suffered such damages in an amount

27   according to proof. Mr. LEBEUF claims such amounts as damages pursuant to California Civil

28   Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

9

56. As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his damage in an amount according to proof.

57. As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has been harmed in that he has suffered the intangible loss of such employment-related opportunities as experience and status in the positions previously held by him, all to his damage in an amount according to proof.

58. The above-cited conduct of DEFENDANTS was done with malice, fraud and oppression, and in reckless disregard of Mr. LEBEUF's rights under the FEHA. DEFENDANTS consciously, intentionally and in conscious disregard of his rights discriminated against Mr. LEBEUF by refusing to reasonably accommodate his disability. Mr. LEBEUF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

59. As the result of DEFENDANTS' discriminatory acts as alleged herein, Mr. LEBEUF is entitled to reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

60. WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### IN VIOLATION OF GOVERNMENT CODE § 12940(n) ET SEQ. (FEHA)

### (Against All Defendants)

61. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

62. At all times mentioned in this complaint, DEFENDANTS regularly employed five or more persons, bringing DEFENDANTS within the provisions of the FEHA, Gov. Code, § 12926(d).

63. This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(n) prohibiting employers from refusing to engage in a timely, good faith interactive process.

64. Mr. LEBEUF was afflicted with anxiety and ADHD disorders, which are

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  protected under the FEHA. As a result of Mr. LEBEUF's disabilities, he required reasonable

2  accommodations to fully perform the duties of his job with DEFENDANTS. DEFENDANTS,

3  however, refused to reasonably accommodate Mr. LEBEUF although DEFENDANTS easily

4  could have done so.

5       65.    Moreover, in rejecting Mr. LEBEUF's request for accommodation and/or refusing

6  to accommodate Mr. LEBEUF, DEFENDANTS failed to engage in a timely, good faith

7  interactive process with Mr. LEBEUF to determine effective reasonable accommodations.

8       66.    Mr. LEBEUF timely filed a charge of discrimination and received a Notice of

9  Right to Sue from the DFEH. Thus, Mr. LEBEUF has exhausted his administrative remedies.

10       67.    As the legal result of DEFENDANT'S' conduct, Mr. LEBEUF has suffered and

11  continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

12  that Mr. LEBEUF would have received if DEFENDANTS had not discriminated against him,

13  had reasonably accommodated him, and/or had engaged in the interactive process as alleged

14  above. As a result of DEFENDANTS' actions and consequent harm, Mr. LEBEUF has suffered

15  such damages in an amount according to proof. Mr. LEBEUF claims such amounts as damages

16  pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law

17  providing for prejudgment interest.

18       68.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered

19  and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

20  damage in an amount according to proof.

21       69.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has been

22  harmed in that he has suffered the intangible loss of such employment-related opportunities as

23  experience and status in the positions previously held by him, to his damage in an amount

24  according to proof.

25       70.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

26  oppression, and in reckless disregard of Mr. LEBEUF's rights under the FEHA. DEFENDANTS

27  consciously, intentionally and in conscious disregard of his rights discriminated against Mr.

28  LEBEUF by refusing to engage in a timely, good faith interactive process. Mr. LEBEUF is thus

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

11

1    entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

2        71.    As the result of DEFENDANTS acts as alleged herein, Mr. LEBEUF is entitled to

3    reasonable attorneys' fees and costs of suit as provided by California Government Code §

4    12965(b).

5        WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

6                           **FOURTH CAUSE OF ACTION**

7                                **RETALIATION**

8        **IN VIOLATION OF GOVERNMENT CODE § 12940(h) ET SEQ. (FEHA)**

9                          **(Against All Defendants)**

10       72.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

11   the foregoing paragraphs, as though set forth herein.

12       73.    At all times mentioned in this complaint, DEFENDANTS regularly employed

13   five or more persons, bringing DEFENDANT S within the provisions of the FEHA, Gov. Code,

14   § 12926(d).

15       74.    This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(h)

16   preventing DEFENDANTS from discharging or otherwise discriminating against any employee,

17   such as Mr. LEBEUF, for exercising rights protected under the FEHA.

18       75.    DEFENDANTS engaged in a pattern and practice of retaliating against

19   employees, including Mr. LEBEUF, for exercising protected rights. DEFENDANTS' adverse

20   actions, including, but not limited to, termination, and failure to accommodate, were at least in

21   part, in retaliation for Mr. LEBEUF suffering a disability and/or requesting reasonable

22   accommodation for his disability.

23       76.    Mr. LEBEUF timely filed a charge of discrimination and received a Notice of

24   Right to Sue from the DFEH. Thus, Mr. LEBEUF has exhausted his administrative remedies.

25       77.    As the legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and

26   continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

27   that Mr. LEBEUF would have received if DEFENDANTS had not retaliated against him as

28   alleged above. As a result of DEFENDANTS' actions and consequent harm, Mr. LEBEUF has

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  suffered such damages in an amount according to proof. Mr. LEBEUF claims such amounts as

2  damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of

3  law providing for prejudgment interest.

4        78.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered

5  and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

6  damage in an amount according to proof.

7        79.    As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has been

8  harmed in that he has suffered the intangible loss of such employment-related opportunities as

9  experience and status in the positions previously held by him, those he would have held, all to

10  his damage in an amount according to proof.

11        80.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

12  oppression, and in reckless disregard of Mr. LEBEUF's rights under the FEHA. DEFENDANTS

13  consciously, intentionally and in conscious disregard of his rights retaliated against Mr.

14  LEBEUF. Mr. LEBEUF is thus entitled to recover punitive damages from DEFENDANTS in an

15  amount according to proof.

16        81.    As the result of DEFENDANTS' discriminatory and retaliatory acts as alleged

17  herein, Mr. LEBEUF is entitled to reasonable attorneys' fees and costs of suit as provided by

18  California Government Code, section 12965(b).

19        WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

20  **FIFTH CAUSE OF ACTION**

21  **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

22  **IN VIOLATION OF GOVERNMENT CODE § 12940(k) (FEHA)**

23  **(Against All Defendants)**

24        82.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

25  the foregoing paragraphs, as though set forth herein.

26        83.    At all times mentioned in this complaint, DEFENDANTS regularly employed

27  five or more persons, bringing DEFENDANTS within the provisions of the FEHA, Gov. Code, §

28  12926(d).

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

13
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

84.     DEFENDANTS violated the FEHA, Gov. Code § 12940(k) by, among other things, failing to take all reasonable steps to prevent discrimination from occurring, and failing to promptly and effectively investigate and remediate complaints of discrimination, retaliation and failure to accommodate. Mr. LEBEUF requested reasonable accommodations for his disability. DEFENDANTS' employees denied his requests and, instead, terminated Mr. LEBEUF's employment. To Mr. LEBEUF's knowledge, DEFENDANTS failed to express disapproval of its employees' behaviors and failed to take any meaningful or adequate disciplinary action against these employees.

85.     The response of DEFENDANTS to Mr. LEBEUF's requests was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive acts, and a causal link existed between DEFENDANTS' lack of reasonable actions and the injuries suffered by Mr. LEBEUF.

86.     Mr. LEBEUF timely filed a charge of discrimination and received a Notice of Right to Sue from the DFEH. Thus, Mr. LEBEUF has exhausted his administrative remedies.

87.     As the legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and continues to suffer substantial losses of wages, salary, benefits and additional amounts of money that Mr. LEBEUF would have received if DEFENDANTS had not acted unlawfully as alleged above. As a result of such actions and consequent harm, Mr. LEBEUF has suffered such damages in an amount according to proof. Mr. LEBEUF claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

88.     As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his damage in an amount according to proof.

89.     As the further legal result of DEFENDANTS' conduct, Mr. LEBEUF has been harmed in that he has suffered the intangible loss of such employment-related opportunities as experience and status in the positions previously held by him, all to his damage in an amount according to proof.

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

90.     The above-cited conduct of DEFENDANTS was done with malice, fraud and oppression, and in reckless disregard of Mr. LEBEUF's rights under the FEHA. DEFENDANTS consciously, intentionally and in conscious disregard of his rights failed to take reasonable steps to prevent discrimination and/or retaliation. Mr. LEBEUF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

91.     As the result of DEFENDANTS' unlawful acts as alleged herein, Mr. LEBEUF is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, Gov. Code, § 12965(b).

WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against All Defendants)

92.     PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

93.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sexual orientation and disability as identified in California Government Code § 12940 (a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large.

94.     Accordingly, the actions of DEFENDANTS, and each of them, in terminating Mr. LEBEUF on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

95.     As a proximate result of the aforesaid acts of DEFENDANTS, Mr. LEBEUF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.

15

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    Mr. LEBEUF claims such amounts as damages pursuant to California Civil Code § 3287 and/or

2    § 3288 and/or any other provision of law providing for prejudgment interest.

3        96.    As a proximate result of the wrongful acts of DEFENDANTS, Mr. LEBEUF has

4    suffered and continues to suffer stress, anxiety, depression, humiliation, and emotional trauma.

5    Mr. LEBEUF is informed and believes, and thereupon alleges, that he will continue to

6    experience said physical and emotional suffering for a period in the future not presently

7    ascertainable, all in an amount subject to proof at the time of trial.

8        97.    As a proximate result of the wrongful acts of DEFENDANTS, Mr. LEBEUF has

9    been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

10   continue to incur attorneys' fees and costs in connection therewith. Mr. LEBEUF is entitled to

11   recover attorneys' fees and costs under California Government Code § 12965(b).

12       98.    DEFENDANTS had in place policies and procedures that specifically required

13   DEFENDANTS' managers officers and agents to prevent discrimination, retaliation and

14   harassment against and upon employees of DEFENDANTS, based on the protected classes

15   identified in the FEHA, Government Code § 12940 et. seq. DEFENDANTS' managers, officers

16   and/or agents of DEFENDANTS were aware of DEFENDANTS' policies and procedures

17   requiring DEFENDANTS' managers, officers and agents to prevent and investigate

18   discrimination and retaliation based on disability and sexual orientation, against and upon

19   employees of DEFENDANTS. Mr. LEBEUF relied on the fact that managers, officers and

20   agents would follow these known policies; yet, the managers, officers and agents consciously

21   chose not to follow these policies. Therefore, their outrageous conduct was fraudulent, malicious,

22   oppressive, and was done in wanton disregard for the rights of Mr. LEBEUF and the rights and

23   duties owed by each of the DEFENDANTS to Mr. LEBEUF. Each DEFENDANT aided,

24   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

25   alleged above. Mr. LEBEUF should, therefore, be awarded exemplary and punitive damages

26   against each DEFENDANT in an amount to be established that is appropriate to punish each

27   DEFENDANT and deter others from engaging in such conduct.

28       WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

16

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

### SEVENTH CAUSE OF ACTION

### FRAUDULENT INDUCEMENT TO MOVE IN VIOLATION OF LABOR CODE § 970

### (Against All Defendants)

99.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

100.    Mr. LEBEUF pleads this cause of action against DEFENDANTS for fraudulent inducement to move in violation of Cal. Lab. Code § 970. DEFENDANTS fraudulently induced Mr. LEBEUF to accept employment with DEFENDANTS in or around October 31, 2016, moving from Florida to California based upon misrepresentations (false promises) and concealment about the (a) the kind and character of his work, including that he would be primarily working from home, (b) reimbursement of moving and housing expenses, (c) tuition reimbursements for his masters program and (d) the length of time such work would last as Mr. LEBEUF understood that his employment with THE PGA, barring unexpected circumstances, would last longer than the 4 months that it did.

101.    DEFENDANTS knew that Mr. LEBEUF was justifiably relying on what DEFENDANTS told Mr. LEBEUF regarding the kind and character of the work, reimbursement of his hotel and moving expenses, tuition reimbursement for pursuing his master's education and the length of time that work would be available and knew that Mr. LEBEUF would have acted differently if he was told otherwise.

102.    Mr. LEBEUF is informed and believes and thereon alleges that the above referenced fraudulent representations made by DEFENDANTS were knowingly made to Mr. LEBEUF to induce him to accept employment with DEFENDANTS.

103.    Mr. LEBEUF, acting in justifiable reliance upon the truth of the representations made by each of the DEFENDANTS, accepted employment with THE PGA with the expectation that he would be reimbursed for $2000 of his moving expenses, completely reimbursed for his hotel expenses while searching for a home office, reimbursed for pursuing his masters program after 60 days of working, working from home in an environment promised to him from his home office and, to the extent that practices at THE PGA were below standard practices, that

17

1    DEFENDANTS would diligently attempt to correct these problems based upon its legal

2    obligation to do so. Had these false promises and concealment by DEFENDANTS not been

3    made to Mr. LEBEUF, he would not have accepted employment with DEFENDANTS.

4    Defendants willfully concealed and suppressed these materials facts concerning Mr. LEBEUF's

5    employment. In doing so, DEFENDANTS acted with the intent to defraud and to induce Mr.

6    LEBEUF into accepting the position with DEFENDANTS. DEFENDANTS knew or should

7    have known that Mr. LEBEUF would not have accepted the offer of employment had he not

8    been made these false promises.

9        104.   Mr. LEBEUF was unaware of the falsity of these representations and acted in

10   reliance upon the truth of the representations made to him and was justified in relying upon these

11   representations.

12       105.   DEFENDANTS committed unlawful employment acts, including but not limited

13   to: (a) a pattern, policy, and practice of fraudulent inducement and deceit in its hiring practices,

14   and (b) defrauding Mr. LEBEUF into accepting employment and entering into an employment

15   agreement based upon false representations.

16       106.   By the use of such practices and tactics against Mr. LEBEUF, DEFENDANTS

17   and each of them, deprived Plaintiff of the benefits of his employment agreement.

18       107.   Each of the representations made by DEFENDANTS to Mr. LEBEUF were

19   fabricated, false, and made to induce Mr. LEBEUF to accept employment with DEFENDANTS.

20   These representations were made with the intent to cause Mr. LEBEUF to rely on them with the

21   express intent to deceive and to induce him to enter into an employment agreement with

22   DEFENDANTS.

23       108.   As a proximate result of DEFENDANTS' fraudulent inducement of Mr.

24   LEBEUF, he has been harmed including general damages and special damages of wage loss.

25       109.   Mr. LEBEUF is informed and believes and therein alleges that the aforesaid acts

26   directed toward him were carried out by managing agents of DEFENDANTS with a conscious

27   disregard of his right to be free from such illegal behavior, such as to constitute oppression,

28   fraud, or malice pursuant to Cal. Civ. Code § 3294, entitling Mr. LEBEUF to punitive damages

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

18

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    in an amount appropriate to punish and set an example of DEFENDANTS.

2         WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

3                         **EIGHTH CAUSE OF ACTION**

4                             **PROMISSORY FRAUD**

5                          **(Against All Defendants)**

6         110.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

7    the foregoing paragraphs, as though set forth herein.

8         111.    DEFENDANTS promised employment to Mr. LEBEUF, specifically a position

9    where he would be working from his home office with some work at THE PGA's Hayward

10   office, payment of $2,000 in relocation allowance, hotel expenses reimbursement until he found

11   a home office in January 2017, and reimbursement for tuition to pursue his masters program.

12        112.    DEFENDANTS did not intend to perform the aforementioned promises when

13   they made it, but intended to place Mr. LEBEUF in its sponsor's Pleasanton office, only

14   reimburse a portion of his relocation allowance and hotel expenses and not allow him to pursue

15   his masters program.

16        113.    DEFENDANTS intended that PLAINTIFF rely on these promises.

17        114.    PLAINTIFF was harmed as a result of his change of position.

18        115.    PLAINTIFF reasonably relied on DEFENDANTS' promises by incurring

19   expenditures, abandoning his masters program, relocating, and entering into a lease.

20        116.    DEFENDANTS forced PLAINTIFF to work out of its sponsor's Pleasanton

21   office, failed to pay the promised $2,000 in relocation expenses, failed to reimburse all of his

22   hotel expenses until he located a home office in January 2017 and disallowed him from pursuing

23   his masters program. Thereafter, DEFENDANTS terminated Mr. LEBEUF and thus did not

24   perform the promises made to him to induce him to accept employment with the PGA and move

25   to California.

26        117.    Mr. LEBEUF was harmed.

27        118.    Mr. LEBEUF's reliance on DEFENDANTS' promises was a substantial factor in

28   causing his harm.

JMI LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

                                          19
                    **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    119.    Mr. LEBEUF is informed and believes and thereon alleges that the aforesaid acts

2   directed toward him were carried out with a conscious disregard of his right to be free from such

3   illegal behavior, such as to constitute oppression, fraud, or malice pursuant to Cal. Civ. Code §

4   3294, entitling Mr. LEBEUF to punitive damages in an amount appropriate to punish and set an

5   example of DEFENDANTS.

6    WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

7    ### NINTH CAUSE OF ACTION

8    ### FAILURE TO REIMBURSE BUSINESS EXPENSES

9    ### IN VIOLATION OF LABOR CODE § 2802

10    **(Against All Defendants)**

11    120.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

12   the foregoing paragraphs, as though set forth herein.

13    121.    California Labor Code § 2802 provides that employers shall reimburse employees

14   for all expenses incurred in the performance of their duties.

15    122.    DEFENDANTS required Mr. LEBEUF to move to California and promised to

16   pay him his hotel expenses while he searched and located a home office by January 2017 and to

17   pay him a moving allowance of $2,000 in order for Mr. LEBEUF to conduct business for THE

18   PGA and perform his job functions.

19    123.    As a result of moving to California pursuant to THE PGA's requirement to

20   perform his job functions for DEFENDANTS, Mr. LEBEUF incurred expenses for his hotel

21   accommodations that were not entirely paid by THE PGA. Instead of reimbursing all of his hotel

22   expenses as previously promised as set forth, inter alia, THE PGA required Mr. LEBEUF to pay

23   $1,500 for said hotel expenses.

24    124.    As a result of moving to California pursuant to THE PGA's requirement to

25   perform his job functions for DEFENDANTS, Mr. LEBEUF incurred moving expenses

26   exceeding $7,000. Instead of paying the $2,000 relocation allowance that was promised in his

27   offer letter, THE PGA only paid about $1,400 for Mr. LEBEUF's moving expenses.

28    125.    DEFENDANTS intentionally and consistently failed to reimburse Mr. LEBEUF

20

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   for expenses incurred in the performance of his duties, in violation of Labor Code § 2802.

2   126.   Mr. LEBEUF is entitled to the full amount of expenses he incurred, plus interest,

3   and reasonable attorneys' fees and costs of suit in accordance with Labor Code § 2802.

4   WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

5   ## TENTH CAUSE OF ACTION

6   **FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE §§ 510 & 1194**

7   **(Against All Defendants)**

8   127.   PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

9   the foregoing paragraphs, as though set forth herein.

10   128.   California Labor Code § 510 requires employers to pay employees one and one-

11   half (1 ½) times the regular rate of all those hours worked in excess of eight (8) hours in one

12   workday and in excess of forty (40) hours in one workweek, and for the first eight (8) hours

13   worked on the seventh day of work in any one workweek.

14   129.   California Labor Code § 1194 entitles an employee receiving less that the legal

15   overtime compensation to recover in a civil action the unpaid balance of the full amount of all

16   overtime wages owed, including interest thereon, reasonable attorneys' fees and costs of suit.

17   130.   Throughout Mr. LEBEUF's employment with DEFENDANTS, DEFENDANTS

18   required Mr. LEBEUF to work overtime, including evenings. As a result, Mr. LEBEUF worked

19   more than eight (8) hours in one workday and in excess of forty (40) hours in one workweek.

20   131.   DEFENDANTS failed to pay Mr. LEBEUF the overtime compensation earned

21   during his employment with DEFENDANTS.

22   132.   As a proximate result of DEFENDANTS' conduct, Mr. LEBEUF has been

23   deprived of overtime compensation in an amount to be determined at trial and is entitled to the

24   recovery of such amounts, including interest, reasonable attorneys' fees and costs of suit.

25   133.   Based on DEFENDANTS' conduct as alleged above, DEFENDANTS are liable

26   for civil penalties pursuant to Labor Cod §558.

27   WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

28   //

**JML LAW**
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

21

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PAY MEAL PERIODS**

**IN VIOLATION OF LABOR CODE §§ 226.7 & 512**

**(Against All Defendants)**

134.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

135.    At all relevant times, DEFENDANTS had a policy and/or practice of not permitting or authorizing employees to take a thirty (30) minute uninterrupted meal period. PLAINTIFF regularly worked in excess of five (5) and ten (10) hours a day without being provided at least a half-hour meal period in which he was relieved of all duties, as required by Labor Code §§ 226.7, 512 and IWC Wage Orders.

136.    At all relevant times, DEFENDANTS willfully required Mr. LEBEUF to work during meal periods, and failed to compensate Mr. LEBEUF for work performed during meal periods. DEFENDANTS improperly classified Mr. LEBEUF as "exempt" and on that basis took no measures to provide them meal period breaks. DEFENDANTS also had no policy and/or practice to pay a premium when meal periods were missed, as a result of misclassifying Mr. LEBEUF as exempt, and thus failed to pay Mr. LEBEUF the full meal period premiums due.

137.    DEFENDANTS' policy and practice described above renders them liable to Mr. LEBEUF for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not permitted or authorized, pursuant to Labor Code § 226.7, as well as interest on that amount pursuant to Labor Code § 218.6, plus reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

///

///

///

///

///

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PAY REST PERIODS BREAKS**

**IN VIOLATION OF LABOR CODE §§ 226.7**

**(Against All Defendants)**

138.   PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

139.   At all relevant times, DEFENDANTS had a policy and/or practice of not permitting or authorizing Mr. LEBEUF to take a ten (10) minute rest period for every four (4) hours of work or major fraction thereof as required by Labor Code §§ 226.7 and IWC Wage Orders.

140.   At all relevant times, Mr. LEBEUF regularly worked in excess of three and one-half (3 ½) hours, six (6) hours and at times ten (10) hours a day without being provided a ten (10) minute rest period.

141.   DEFENDANTS' policy and practice described above renders them liable to Mr. LEBEUF for one hour of additional pay at the regular rate of compensation for each workday that the proper rest period was not permitted or authorized, pursuant to Labor Code § 226.7, as well as interest on that amount pursuant to Labor Code § 218.6, plus reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

**THIRTEENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS**

**IN VIOLATION OF LABOR CODE § 226**

**(Against All Defendants)**

142.   PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

143.   California Labor Code § 226 requires an employer to provide an accurate itemized statement in writing showing "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is

23

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1 | exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order

2 | of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any

3 | applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

4 | that all deductions made on written orders of the employee may be aggregated and shown as one

5 | item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

6 | (7) the name of the employee and only the last four digits of his or her social security number or

7 | an employee identification number other than a social security number, (8) the name and address

8 | of the legal entity that is the employer..."

9       144.    Labor Code § 226(e) provides that if an employer knowingly and intentionally

10 | fails to provide a statement in compliance with Labor Code § 226(a), then the employee is

11 | entitled to recover the greater of actual damages of fifty dollars ($50) for the initial violation and

12 | one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

13       145.    DEFENDANTS knowingly and intentionally failed to furnish Mr. LEBEUF with

14 | timely accurate and itemized wage statements as required by Labor Code § 226. Accordingly,

15 | Mr. LEBEUF is entitled to the amounts provided by Labor Code § 226(e), injunctive relief

16 | requiring DEFENDANTS' compliance with Labor Code § 226, as well as his attorneys' fees and

17 | costs pursuant to Labor Code § 226(h) and Code of Civil Procedure § 1021.5.

18       WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

19 | **FOURTEENTH CAUSE OF ACTION**

20 | **FAILURE TO PAY WAGES UPON TERMINATION**

21 | **IN VIOLATION OF LABOR CODE §§ 201, 202, 203 & 204**

22 | **(Against All Defendants)**

23       146.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

24 | the foregoing paragraphs, as though set forth herein.

25       147.    California Labor Code §§ 201 and 202 require Defendants to pay all

26 | compensation due and owing immediately at the time of discharge, layoff, or resignation made

27 | with at least seventy-two (72) hours' notice, or within seventy-two (72) hours of resignation

28 | made without seventy-two (72) hours' notice.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

24

148.   California Labor Code § 204 requires an employer to pay all wages owed at least semimonthly. Due and owing to DEFENDANTS' failure to provide premium pay to PLAINTIFF for not providing his meal and rest breaks as alleged herein, DEFENDANTS have failed to provide all wages owed at the time they are due.

149.   DEFENDANTS' conduct described in this Complaint violates, among other things, Cal. Lab. Code §§ 201, 202 and 204; and also the provisions of Cal. Lab. Code § § 1194 and 1197.1 which provide that it is unlawful to employ persons without payment for all hours worked.

150.   As of the date of the filing of this Complaint, DEFENDANTS have willfully failed to pay Mr. LEBEUF all compensation earned, including but not limited to overtime pay, commissions and meal and rest period penalties.

151.   Although Mr. LEBEUF has demanded payment for his commissions in particular, DEFENDANTS have refused and continue to refuse to pay Mr. LEBEUF the amount due and owing Mr. LEBEUF for his commissions.

152.   Since the date of Mr. LEBEUF's termination from employment with DEFENDANTS, Mr. LEBEUF has been available and ready to receive the amount of wages due and owing to Mr. LEBEUF. Mr. LEBEUF has not refused to receive any payment, nor has Mr. LEBEUF been absent from his regular place of residence.

153.   DEFENDANTS' willful failure to pay Mr. LEBEUF the wages due and owing Mr. LEBEUF as set forth above constitutes a violation of Labor Code §203, which provides that an employee's wages will continue as a penalty until paid up to thirty (30) days from the time the wages were due. Therefore, Mr. LEBEUF is entitled to penalties to the maximum amount afforded to him at his daily wage rate for thirty (30) days.

154.   As the result of DEFENDANTS' failure to pay Mr. LEBEUF the wages due and owing to him acts as alleged herein, he is entitled to reasonable attorneys' fees and costs of suit as provided by Labor Code §218.5.

WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

//

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1

## FIFTEENTH CAUSE OF ACTION

2    VIOLATION OF UNFAIR BUSINESS PRACTICES/ UNFAIR COMPETITION ACT –

3    BUS. & PROF. CODE §17200 ET SEQ.

4    (Against All Defendants)

5    155.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

6    the foregoing paragraphs, as though set forth herein.

7    156.    Business & Professions Code §§ 17200, et seq., prohibits businesses from

8    engaging in unlawful, unfair or deceptive business practices.  Defendants' illegal policies and/or

9    practices described herein constitute unlawful acts prohibited by employment and business and

10   professions laws and regulations. California's Unfair Competition Law also provides for

11   injunctive relief and restitution for violations.

12   157.    DEFENDANTS have committed numerous unfair, unlawful, or deceptive

13   business practices including: (1) failing to pay PLAINTIFF overtime as required by law; (2)

14   failing to relieve PLAINTIFF of all duties to allow for a thirty minute uninterrupted meal break

15   and requiring PLAINTIFF to work without rest breaks; (3) failing to provide PLAINTIFF an

16   accurate itemized wage statement for each pay period as required by law; (4) failing to pay all

17   wages owed at least semimonthly to PLAINTIFF; (5) willfully failing to pay compensation

18   owing (including unpaid wages) in a prompt and timely manner to PLAINTIFF whose

19   employment with DEFENDANTS was terminated; (6) failing to reimburse business expenses;

20   (7) discriminating, failing to reasonably accommodate and engage in the interactive process and

21   retaliating against PLAINTIFF in violation of Cal. Gov. Code §12940 et seq. and (8)

22   fraudulently inducing PLAINTIFF to move to accept a position with Defendants.

23   158.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS

24   continue to engage in the practices described herein and is continuing and will continue to

25   benefit financially from these unlawful and unfair practices unless enjoined by this court from

26   doing so.

27   159.    As a proximate result of DEFENDANTS' actions, Mr. LEBEUF has suffered

28   injury in fact and lost money or property pursuant to Business & Professions Code § 17204.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    160.    As a result of their unlawful acts, DEFENDANTS have reaped unfair benefits and

2  illegal profits at the expense of Mr. LEBEUF. DEFENDANTS shall be enjoined from these

3  activities and made to disgorge these ill-gotten gains and restore to Mr. LEBEUF the money

4  which DEFENDANTS have acquired by means of their unfair business practices. All such

5  remedies are cumulative of relief available under other laws, pursuant to Business & Professions

6  Code § 17205.

7    161.    The conduct of DEFENDANTS as alleged in this Complaint has been unfair,

8  unlawful, and harmful to Mr. LEBEUF and the general public. Mr. LEBEUF seeks to enforce

9  important rights affecting the public interest within the meaning of Code of Civil Procedure §

10  1021.5.

11    WHEREFORE, Mr. LEBEUF requests relief as hereinafter provided.

12                                    **JURY DEMAND**

13    PLAINTIFF demands a jury to all issues joined herein.

14                                  **PRAYER FOR RELIEF**

15    WHEREFORE, PLAINTIFF requests relief as follows:

16    1.    For special and economic damages according to proof;

17    2.    For general and non-economic damages;

18    3.    For restitution and disgorgement of profits garnered as a result of

19  DEFENDANTS' unlawful acts, according to proof;

20    4.    For liquidated damages, statutory penalties and civil penalties, according to proof

21  on each cause of action in which such damages are available;

22    5.    For punitive damages according to proof;

23    6.    For injunctive relief including requiring DEFENDANTS to adopt postings and

24  changes in personnel policies and procedure regarding discrimination, retaliation and violations

25  of the Government Code, Labor Code and the Industrial Welfare Commission Orders, requiring

26  training to ensure compliance with employees' rights, and for a permanent injunction enjoining

27  DEFENDANTS, their agents, successors, employees and those acting in concert with them from

28  engaging in each unlawful practice, policy, usage and custom set forth hereinabove, and for such

**JML LAW**
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    other injunctive relief as the Court may deem proper;

2         7.    For prejudgment interest at the prevailing legal rate on all amounts claimed;

3         8.    For costs of suit, including reasonable attorneys' fees and expert costs; and

4         9.    For any other and further relief that the court considers proper.

5

6

7    DATED:    March 1, 2018              JML LAW, A Professional Law Corporation

8

9

10                                 By:  _____

11                                      JOSEPH M. LOVRETOVICH

12                                      MYTHILY SIVARAJAH

13                                      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JML LAW
A Professional Law Corporation
21152 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800